# Exhibit 1

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
24-C-05433-S4
6/17/2024 9:36 AM
TIANA P. GARNER, CLERK

# General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Gwinnett State Court County

**For Clerk Use Only**

**Date Filed** ____________________ **Case Number** 24-C-05433-S4
MM-DD-YYYY

| Plaintiff(s) | Defendant(s) |
|---|---|
| JOSEPHINE JOHNSON | CRYSTAL MOUREY |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| NYOMI JOHNSON | MARTEN TRANSPORT, LTD. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Ace American Insurance Company |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |

**Plaintiff's Attorney** Michael Johnson **State Bar Number** ____________ **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

____________________ Case Number ____________________ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

____________________ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-05433-S4**
**6/17/2024 9:36 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

| | |
|---|---|
| JOSEPHINE JOHNSON;<br>NYOMI JOHNSON, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 24-C-05433-S4 |
| CRYSTAL MOUREY;<br>MARTEN TRANSPORT, LTD.; and<br>ACE AMERICAN INSURANCE COMPANY, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW Josephine Johnson and Nyomi Johnson, ("Plaintiffs"), by and through counsel, and files this Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on December 14, 2022, in Barrow County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiffs sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 6:54 am on December 14, 2022, in Barrow County, Georgia.

3.

Plaintiffs are citizens of Monroe County, Georgia.

4.

Defendant Crystal Mourey ("Mourey") resides at 142 Dogwood Acres Lane, Clinton, North Carolina, 28328, and may be served with a copy of the summons and complaint at this address.

5.

Mourey is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Mourey is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Mourey committed a tortious act and/or omission within the State of Georgia.

6.

Once served with process, Mourey is subject to the jurisdiction and venue of this Court.

7.

Mourey was properly served with process in this civil action.

8.

Mourey was sufficiently served with process in this civil action.

9.

Mourey is subject to the jurisdiction of this Court.

10.

Defendant Marten Transport, LTD. ("Marten Transport") is a foreign corporation with its principal place of business in a state other than Georgia and at the time of the wreck was a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. At the time of the wreck, Marten Transport had a U.S. Department of Transportation Number 74432.

11.

Marten Transport may also be served with process by delivering a copy of the Summons and Complaint under the laws of the State of Georgia upon its registered agent: C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia, 30046.

12.

Once served with process, Marten Transport is subject to the jurisdiction and venue of this Court.

13.

Marten Transport was properly served with process in this civil action.

14.

Marten Transport was sufficiently served with process in this civil action.

15.

Marten Transport is subject to the jurisdiction of this Court.

16.

Defendant Ace American Insurance Company ("Ace American Insurance") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

17.

At the time of the Subject Complaint, Marten Transport had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Mourey was operating at the time of the subject collision.

18.

The liability coverage for the collision described in this Complaint is being provided to Marten Transport through a policy of insurance issued by Ace American Insurance and further identified as Policy Number HDOG4735285A, which provides coverage to Marten Transport for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Mourey was operating at the time of the subject collision.

19.

Ace American Insurance is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40-2-140, because Ace American Insurance was the insurer providing liability coverage for the defendant motor carrier Marten Transport at the time of the collision described in this Complaint.

20.

Ace American Insurance may be served with the Summons and Complaint upon its registered agent: Linda Banks, c/o C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia, 30046.

21.

Once served with process as described in this paragraph, Ace American Insurance is subject to the jurisdiction and venue of this Court.

22.

Ace American Insurance may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

23.

Venue in the above-styled civil action is proper in this County and Court.

**FACTS**

24.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

25.

On or about December 14, 2022, at approximately 6:54 am, Plaintiff was operating a 2011 Kia Forte stopped at a stop sign on Barber Creek Road Barrow County, Georgia.

26.

On or about December 14, 2022, at approximately 6:54 am, Mourey was operating a 2020 Kenworth tractor-trailer heading east on University Parkway at the intersection with Barber Creek Road in Barrow County, Georgia.

27.

On or about December 14, 2022, at approximately 6:54am, Nyomi Johnson was a passenger in the vehicle of Josephine Johnson.

28.

Mourey was operating the tractor-trailer in the course and scope of this employment with Marten Transport, and under Marten Transport's U.S. Department of Transportation and federal motor carrier authority.

29.

On or about December 14, 2022, at approximately 6:54 am, Mourey attempted to make a left turn onto Barber Creek Road across Plaintiff's lane of travel.

30.

On or about December 14, 2022, at approximately 6:54 am, Plaintiff saw the tractor-trailer coming into her lane and attempted to back up to avoid the collision.

31.

On or about December 14, 2022, at approximately 6:54 am, the Marten Transport tractor-trailer was being operated by Mourey.

32.

On or about December 14, 2022, at approximately 6:54 am, Mourey failed to maintain her lane of travel.

33.

Mourey slammed the Marten Transport trailer into the front driver's side of Plaintiffs' vehicle, causing them to suffer injuries.

34.

At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

35.

Defendants do not blame Plaintiffs for causing or contributing to the cause of the subject collision.

36.

Defendants Mourey and Marten Transport are 100% at fault for causing the subject collision.

37.

No act or failure to act on the part of the Plaintiffs caused or contributed to the cause of the subject collision.

38.

No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

39.

No act or failure to act on the part of the Plaintiffs caused or contributed to the cause of Plaintiffs' claimed injuries.

40.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiffs' claimed injuries.

41.

Defendants agree that they should fairly compensate Plaintiffs for all injuries and damages that were caused by the subject collision.

42.

As a result of the collision, Plaintiffs suffered serious and permanent injuries and damages.

## COUNT I: DIRECT ACTION AGAINST ACE AMERICAN INSURANCE COMPANY

43.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

44.

Ace American Insurance provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

45.

Ace American Insurance agreed to provide insurance coverage to Marten Transport in consideration for the payment of insurance premiums.

46.

Ace American Insurance was transacting business in the State of Georgia and in Barrow County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

47.

Plaintiffs, are members of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

48.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, Ace American Insurance is subject to this Direct Action.

**COUNT II: NEGLIGENCE OF MARTEN TRANSPORT, LTD.**

49.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

50.

At all times material hereto, Mourey was an employee of Marten Transport.

51.

At all times material hereto, Mourey was acting within the scope and course of her employment with Marten Transport.

52.

At all times material hereto, Mourey was driving under dispatch by Marten Transport and driving under Marten Transport's authority as a federal motor carrier.

53.

At all times material hereto, Mourey was authorized by Marten Transport to operate the tractor-trailer that was involved in the collision described in this Complaint.

54.

Marten Transport is liable for the negligent actions and omissions of Mourey pursuant to the doctrine of *respondeat superior*.

55.

Marten Transport was the owner of the vehicle operated by Mourey and is therefore liable for damages caused in this case.

56.

Marten Transport was also itself negligent in the following ways:

a. Negligently hiring or contracting with Defendant Crystal Mourey to drive the vehicle at issue;
b. Negligently training Defendant Curtis Mourey;
c. Negligently entrusting Defendant Crystal Mourey to drive the vehicle professionally;
d. Negligently retaining Defendant Crystal Mourey to drive the vehicle at issue;
e. Negligently qualifying Defendant Curtis Mourey;
f. Failing to supervise Defendant Curtis Mourey; and
g. Otherwise failing to act as a reasonably prudent company under the circumstances.

60.

As a direct and proximate result of the negligence of Defendants Crystal Mourey and Marten Transport, LTD. in the ensuing collision, Plaintiffs sustained severe and permanent injuries.

61.

Marten Transport is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiffs.

## COUNT III: NEGLIGENCE OF DEFENDANT CURTIS MOUREY

62.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

63.

At all relevant times, Mourey owed the following civil duties to Plaintiffs but violated those duties in the following ways:

a. Failing to maintain her lane of travel;

b. Failing to maintain proper control of her vehicle;

c. Failing to keep a proper lookout for traffic;

d. Failing to make reasonable and proper observations while driving;

e. Failing to timely apply the brakes of her vehicle in order to avoid the collision in question;

f. Failing to keep an assured safe distance from Plaintiffs' vehicle;

g. Failing to drive at a reasonable and prudent speed under the conditions;

h. Failing to obey traffic laws;

i. Operating a cellular mobile device while driving; and

j. Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

64.

Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a. Entering or Crossing Roadway (O.C.G.A. § 40-6-73);

b. Turning Movements; Signals Required on Turning, Changing Lanes, Slowing, or Stopping (O.C.G.A. §40-6-123);

c. Driving on Roadways Laned for Traffic (O.C.G.A. § 40-6-48);

d. Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

e. Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

f. Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

g. Reckless Driving (O.C.G.A. § 40-6-390).

65.

As a result of Mourey's negligence, Plaintiffs suffered severe and permanent injuries.

66.

As a direct and proximate result of the negligence and negligence per se of Mourey, Plaintiffs have incurred and is entitled to recover special damages, including, but not limited to, past medical expenses in the amount of $88, 588.95 and future medical expenses and past and future lost income and loss of earning capacity, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiffs are also entitled to recover for their general damages, including past and future pain and suffering and related damages.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

67.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

68.

Marten Transport and Mourey acted in a manner which either alone, and/or combined and concurring with the actions of the acts of negligence described herein, directly and proximately caused the collision and Plaintiffs' injuries.

69.

As a direct and proximate result of the negligence of the Marten Transport and Mourey, Plaintiffs were physically injured, have suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

70.

As a direct and proximate result of the breaches of duty by Marten Transport and Mourey, Plaintiffs are entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

## COUNT V: PUNITIVE DAMAGES

71.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

72.

The acts of Marten Transport and Mourey were willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

73.

Accordingly, Defendants are liable to the Plaintiffs for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against each Defendant;

c. For judgment against each Defendant to compensate Plaintiffs for their past and future injuries and damages;

d. For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

e. Court costs, discretionary costs, and prejudgment interest; and

f. For all such further and general relief which this Court deems just and proper.

Dated this 17th day of June, 2024.

WLG ATLANTA, LLC

*/s/ Michael Johnson*
MICHAEL A. JOHNSON
GEORGIA STATE BAR NUMBER: 679391
ROB LOAR
GEORGIA STATE BAR NUMBER: 602484
*ATTORNEY FOR PLAINTIFF*

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-826-5746
FACSIMILE: 470-826-5746
E-MAIL Michael. Johnson@witheritelaw.com

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-05433-S4**
**6/17/2024 9:36 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**JOSEPHINE JOHNSON AND**
**NYOMI JOHNSON**

PLAINTIFF

CIVIL ACTION NUMBER: 24-C-05433-S4

VS.

**Ace American Ins. c/o CT Corporation System**
**289 South Culver Street**
**Lawrenceville, GA 30046**

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Michael A. Johnson - WLG-Atlanta
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308 - 470-826-5746

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This ________ day of ________________, 20____.**

17th day of June, 2024

**Tiana P. Garner**
**Clerk of State Court**

**By** Gladys Mack
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-05433-S4**
**6/17/2024 9:36 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**JOSEPHINE JOHNSON AND**
**NYOMI JOHNSON**

PLAINTIFF

CIVIL ACTION NUMBER: 24-C-05433-S4

VS.

**CRYSTAL MOUREY**
**142 DOGWOOD ACRES LANE**
**CLINTON, NC 28328**

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Michael A. Johnson - WLG-Atlanta
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308 - 470-826-5746

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This ________ day of ________________, 20___.**
17th day of June, 2024

**Tiana P. Garner**
**Clerk of State Court**

**By** Gladys Mack
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-05433-S4**
**6/17/2024 9:36 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**JOSEPHINE JOHNSON AND**
**NYOMI JOHNSON**

PLAINTIFF

CIVIL ACTION NUMBER: 24-C-05433-S4

VS.

**MARTEN TRANSPORT, LTD c/o CT Corporation System**
**289 South Culver Street**
**Lawrenceville, GA 30046**

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Michael A. Johnson - WLG-Atlanta
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308 - 470-826-5746

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This ________ day of ________________, 20____.**
17th day of June, 2024

**Tiana P. Garner**
**Clerk of State Court**

**By** Gladys Mack
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-05433-S4**
**6/17/2024 9:36 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOSEPHINE JOHNSON;
NYOMI JOHNSON;

Plaintiffs,

v.

CRYSTAL MOUREY;
MARTEN TRANSPORT, LTD.;
ACE AMERICAN INSURANCE COMPANY;

Defendants.

CIVIL ACTION

FILE NO. 24-C-05433-S4

---

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT**

COME NOW, Plaintiffs, by and through counsel, and pursuant to O.C.G.A. §§ 9-11-34 and 9-11-36 hereby propound the following First Requests for Admission and First Requests for Production to Defendant Ace American Insurance pursuant to the Georgia Civil Practice Act and as required by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5. The terms "**and**" as well "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

6. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8. "**Subject Collision**" as used herein means the collision described in the Complaint.

9. "**Ace American Insurance**" as used herein refers to and means Defendant **Ace American Insurance**.

10. "**Marten Transport LTD**" as used herein refers to and means Defendant Marten Transport LTD.

11. "**Mourey**" as used herein refers to and means Defendant Ms. Crystal Dawn Mourey.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** Each liability insurance policy that provides or may provide coverage for damages claimed by Plaintiffs in the Subject Collison described in their Complaint.

a. For each such policy, produce a compete Declarations Page;

b. For each such policy, produce the first application for insurance coverage;

c. For each such policy, produce each renewal of coverage application;

a. For each such policy, produce all First Reports of Claims involving motor vehicle collisions, where Defendant Marten Transport LTD or one of its drivers was alleged to have failed or actually did fail to slow and/or stop and collide with another vehicle.

**REQUEST NO. 2:** For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiffs in the Subject Collison described in their Complaint, please produce Ace American Insurance's First Report of Claim related to any property damages it incurred as a result of the Subject Collision.

**REQUEST NO. 3:** For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiffs in the Subject Collison described in their Complaint, please produce Ace American Insurance's First Report of Claim related to any cargo damages it incurred as a result of the Subject Collision.

**REQUEST NO. 4:** For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiffs in the Subject Collison described in their Complaint, please produce First Report of Claim related to Plaintiff's injury and damage claims caused by the Subject Collision.

**REQUEST NO. 5:** For each liability insurance policy that you issued, which provides or may

provide coverage for damages claimed by Plaintiffs in the Subject Collison described in their Complaint, please produce all documents, which purport to reserve to be reservation of rights letters and/or agreements regarding the extension liability insurance coverage for the Subject Collision and/or the payment of attorney's fees and litigation expenses related to the subject lawsuit.

**REQUEST NO. 6:** All documents directly or indirectly provided to and received from Marten Transport LTD regarding driver histories, criminal histories, claims histories, driver training, defensive driving, driver qualification, and/or your insurability of Marten Transport LTD and/or any of its drivers.

**REQUEST NO. 7:** All driver training resources that Ace American Insurance provided or made available to Marten Transport LTD directly or indirectly and/or to its drivers, directly or indirectly.

**REQUEST NO. 8:** All documents evidencing any repair estimates for damages to any vehicle or cargo involved in the Subject Collision.

**REQUEST NO. 9:** All photographs taken of any vehicle or cargo involved in the Subject Collision.

**REQUEST NO. 10:** All statements obtained from any individual concerning the Subject Collision and/or any damages resulting from the Subject Collision.

**REQUEST NO. 11:** All documents that explain what caused the Subject Collision.

**REQUEST NO. 12:** All photographs, video, computer simulations, and any other documents depicting:

a. Any vehicle involved in the Subject Collision;

b. Any person involved in the Subject Collision;

c. The scene of the Subject Collision; and/or

d. Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 13:** All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the damages resulting therefrom, or this lawsuit.

**REQUEST NO. 14:** All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendant driver Mourey.

**REQUEST NO. 15:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 16:** All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

## REQUEST FOR ADMISSIONS

**REQUEST NO. 1.** Ace American Insurance is a proper party to this lawsuit.

**REQUEST NO. 2.** Ace American Insurance was properly named in this case.

**REQUEST NO. 3.** Ace American Insurance was properly and sufficiently served with process in this civil action.

**REQUEST NO. 4.** Venue is proper in this Court as to Ace American Insurance.

**REQUEST NO. 5.** Jurisdiction is proper in this Court as to Ace American Insurance.

**REQUEST NO. 6.** Marten Transport LTD is a for-profit corporation with its principal place of business located in Mondovi, WI 54755.

**REQUEST NO. 7.** At all times material to this Complaint, the United States Department of Transportation's Federal Motor Carrier Safety Administration assigned Marten Transport LTD with USDOT No. 74432.

**REQUEST NO. 8.** At the time of the collision described in this Complaint, Marten Transport LTD was operating as an authorized for-hire, intrastate motor carrier.

**REQUEST NO. 9.** At the time of the collision described in this Complaint, Marten Transport LTD was operating as an authorized for-hire, intrastate motor carrier and continues to operate as an authorized for-hire, interstate motor carrier.

**REQUEST NO. 10.** Marten Transport LTD is engaged in business as an intrastateinterstate motor carrier transporting general freight for compensation and does business in Georgia, including in Barrow County, Georgia.

**REQUEST NO. 11.** At the time of the Subject Complaint, Marten Transport LTD had automobile liability coverage for any damages that were caused through the negligent operation of the vehicle that Mourey was operating at the time of the Subject Collision.

**REQUEST NO. 12.** The liability coverage for the collision described in this Complaint is being provided to Marten Transport LTD through a policy of insurance issued by Ace American Insurance which provides coverage to Defendants for any damages, including bodily injury, that were caused through the negligent operation of the vehicle that Mourey was operating at the time of the Subject Collision.

**REQUEST NO. 13.** Ace American Insurance is subject to the jurisdiction of this Court and Plaintiff's claims for compensation for the negligence of its Co-Defendant insured Marten Transport LTD, pursuant to O.C.G.A. §§ 40-1-112 and/or 40-2-140 and Georgia law, because Ace American Insurance was the insurer providing liability coverage for the Defendant motor carrier at the time of the collision described in this Complaint.

**REQUEST NO. 14.** Ace American Insurance does business and maintains an agent in Barrow County, Georgia.

**REQUEST NO. 15.** Ace American Insurance agrees that Mourey's negligent operation of Marten Transport LTD's vehicle was the sole cause of the collision described herein.

**REQUEST NO. 16.** Ace American Insurance agrees that it should fairly compensate Plaintiffs for all injuries and damages that were caused by the Subject Collision.

**REQUEST NO. 17.** At the time of the Subject Collision, Marten Transport LTD was the owner of the vehicle involved in the Subject Collision.

**REQUEST NO. 18.** Mourey was the driver of the vehicle that collided with Plaintiffs' vehicle.

**REQUEST NO. 19.** Mourey failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances.

**REQUEST NO. 20.** Mourey failed to keep an assured safe distance from Plaintiffs' vehicle.

**REQUEST NO. 21.** Mourey failed to timely apply the brakes of her vehicle.

**REQUEST NO. 22.** Mourey failed to control her speed.

**REQUEST NO. 23.** Mourey failed to maintain proper control of her vehicle.

**REQUEST NO. 24.** Mourey failed to keep a proper lookout for traffic.

**REQUEST NO. 25.** Mourey failed to make reasonable and proper observations while driving.

**REQUEST NO. 26.** Mourey failed to safely operate his vehicle.

**REQUEST NO. 27.** Mourey failed to obey traffic laws.

**REQUEST NO. 28.** Mourey gave a recorded statement to his liability insurance carrier Ace American Insurance.

**REQUEST NO. 29.** Mourey had a mobile cellular device present inside her vehicle at the time of the Subject Collision.

**REQUEST NO. 30.** Mourey had more than one (1) mobile cellular device was present inside her vehicle at the time of the Subject Collision.

**REQUEST NO. 31.** Mourey was using at least one mobile cellular device in her vehicle at the time of the Subject Collision.

**REQUEST NO. 32.** Mourey was using more than one (1) mobile cellular device inside her vehicle at the time of the Subject Collision.

**REQUEST NO. 33.** Mourey was using a mobile cellular device at the moment of impact with Plaintiffs' vehicle.

**REQUEST NO. 34.** Mourey was using a mobile cellular device as she approached Plaintiffs' vehicle.

**REQUEST NO. 35.** While at the scene of the collision, Mourey conversed with at least one person about what had happened before, during, and /or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 36.** While at the scene of the collision, Mourey texted at least one person about what had happened before, during, and /or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 37.** While at the scene of the collision, Mourey had a cellular mobile device or a camera that she could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 38.** While at the scene of the collision, Mourey took at least one photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 39.** While at the scene of the collision, Mourey took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 40.** While at the scene of the collision, Mourey took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 41.** No act of Plaintiffs caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 42.** No failure to act by Plaintiffs caused or contributed to the cause of Subject Collision.

**REQUEST NO. 43.** <u>Plaintiffs were innocent victims</u> in the Subject Collison.

**REQUEST NO. 44.** No act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 45.** No visual obstructions existed leading up to the collision that would have prevented Mourey from seeing Plaintiffs' vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 46.** No visual obstructions existed leading up to the collision that would have prevented Mourey from seeing Plaintiffs' vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 47.** No visual obstructions existed leading up to the rear-end collision that would have prevented Mourey from seeing Plaintiffs' vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 48.** Mourey is solely responsible for causing the Subject Collision.

This 17th day of June, 2024.

WLG ATLANTA, LLC

*/s/ Michael Johnson*
MICHAEL A. JOHNSON
GEORGIA STATE BAR NUMBER: 679391
*ATTORNEY FOR PLAINTIFF*

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-826-5746
FACSIMILE: 470-826-5746
E-MAIL Michael. Johnson@witheritelaw.com

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-05433-S4**
**6/17/2024 9:36 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNET COUNTY
STATE OF GEORGIA

**JOSEPHINE JOHNSON;**
**NYOMI JOHNSON;**

**Plaintiffs**,

v.

**CRYSTAL MOUREY;**
**MARTEN TRANSPORT, LTD.;**
**ACE AMERICAN INSURANCE COMPANY;**

**Defendants.**

24-C-05433-S4

CIVIL ACTION

FILE NO. _______________

---

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MS. CRYSTAL DAWN MOUREY**

COME NOW Josephine Johnson and Nyomi Johnson ("Plaintiffs"), by and through counsel, and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propound the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Crystal Mourey for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system,

etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) "**Identify**" with respect to any "**person**" or any reference to stating the "**Identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**Identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such

document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Subject Collision**" means the collision described in the Complaint.

5. "**You**", "**Your**", or **"Crystal Mourey"** means Defendant Driver **Ms. Crystal Dawn Mourey**.

6. **"Company"** means Defendant **Marten Transport LTD.**

7. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### Your Background Information

**INTERROGATORY NO. 1** State your full name, address, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or drivers' license in that name and explain why you changed names or went by more than one name.

**INTERROGATORY NO. 2** For each driver's license you have had in the past seven (7) years, identify the state of issue, the date of issue, the number and whether or not it was a commercial drivers' license.

**INTERROGATORY NO. 3** Identify each address where you have lived in the past ten (10) years and provide the dates when you lived at each address.

**INTERROGATORY NO. 4** For each place you have worked (as an employee, independent contractor, leased driver, or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

**INTERROGATORY NO. 5** Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds with regard to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support

each opinion.

**INTERROGATORY NO. 6** Identify all motor vehicle collisions that you have been involved in during the past fifteen (15) years and for each collision, describe what happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

**INTERROGATORY NO. 7** If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten (10) years or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

**INTERROGATORY NO. 8** If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

**INTERROGATORY NO. 9** Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

**INTERROGATORY NO. 10** Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a Plaintiff, Defendant, or witness and identify the style, jurisdiction, date, and nature of the lawsuit.

**INTERROGATORY NO. 11** Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your driver's license and

training received since obtaining your driver's license.

### INSURANCE

**INTERROGATORY NO. 12** For each liability insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

### SUBJECT COLLISION

**INTERROGATORY NO. 13** Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements, and accounts by explaining when, where, in what form, to whom the statement or account was given, and the substance of your communication, statement, or account.

**INTERROGATORY NO. 14** Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: The Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims, or defenses raised in this action. The purpose of this interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15** If you maintain that Plaintiffs or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for their responsibility and

identify all person(s) who have any knowledge regarding this issue.

**INTERROGATORY NO. 16** If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the seventy-two (72) hour period immediately before the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

## MISCELLANEOUS

**INTERROGATORY NO. 17** Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the commercial vehicle involved in the Subject Collision at any time during each call.

**INTERROGATORY NO. 18** With respect to the deliveries/trips that you were scheduled to make on the day of the Subject Collision, please identify: the name and address of the delivery/trip location(s); what was to be delivered; and the time the load was to be delivered or the trip was to be completed.

**INTERROGATORY NO. 19** Explain in detail where you were and what you were doing during the seventy-two (72) hours immediately prior to and the forty-eight (48) hours immediately following the Subject Collision. This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence

your response and all people who can substantiate your response.

**INTERROGATORY NO. 20** For the seventy-two (72) hours leading up to the Subject Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during your on-duty non-driving hours, all stops you made and the reasons therefor, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or over the counter) and the dosages.

**INTERROGATORY NO. 21** For each of Plaintiffs' First Requests for Admissions addressed to you that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:** All documents utilized by you in any way in responding to Plaintiffs' First Interrogatories to Defendant .

**REQUEST NO. 2:** Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision and/or if coverage was in dispute that was in place at the time of the Subject Collision.

**REQUEST NO. 3:** A copy of each automobile insurance policy that you had in place at the time of the Subject Collision, which provided liability coverage for the operation of the commercial vehicle that was involved in the Subject Collision.

**REQUEST NO. 4:** All documents that you have exchanged with any insurance company evidencing the subject collision.

**REQUEST NO. 5:** All documents that you have exchanged with any insurance company

evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:** All reservation of rights letters and/or agreements regarding insurance coverage for the claims asserted against you arising from the Subject Collision.

**REQUEST NO. 7:** All documents directly or indirectly provided to and received from any insurance company regarding your driving history, criminal history, claims history, training, and qualification to drive and/or your insurability for motor vehicle operations.

**REQUEST NO. 8:** All documents and driver training resources provided or made available to you directly or indirectly by any insurance company.

**DEFENDANT MARTEN TRANSPORT LTD**

**REQUEST NO. 9:** All documents setting forth the relationship between you and Defendant Marten Transport LTD. This includes, but is not limited to, all leases, employment contracts, and independent contract agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 10:** All payroll records from any source during the sixty (60) days before and after the Subject Collision.

**REQUEST NO. 11:** All documents in your possession that relate to your qualification to operate a commercial motor vehicle.

**REQUEST NO. 12:** All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 13:** A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 14:** Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance, and/or regulation in the last five (5) years.

**REQUEST NO. 15:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Marten Transport LTD directed to you for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 16:** All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 17:** All documents relating to any complaint, criticism, or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 18:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the commercial vehicle that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time-period time period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether they were in use at the time of the Subject Collision or not.

**REQUEST NO. 19:** All of your personnel files and employment-related files in your possession.

**REQUEST NO. 20:** All correspondence and other communication of any kind between you and any third party (other than your attorneys) evidencing to the Subject Collision.

## <u>SUBJECT COLLISION</u>

**REQUEST NO. 21:** All documents in your possession, custody, and/or control relating in any way to the Subject Collision.

**REQUEST NO. 22:** All documents sent by you to any person or entity (other than your

attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 23:** All documents evidencing each investigation done by or on behalf of Defendants evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 24:** All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 25:** All documents that explain what caused the Subject Collision.

**REQUEST NO. 26:** All documents assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**REQUEST NO. 27:** All photographs, video, computer simulations, and any other documents depicting:

a. Any vehicle involved in the Subject Collision;

b. Any person involved in the Subject Collision;

c. The scene of the Subject Collision; and/or

d. Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 28:** All reports relating to the Subject Collision in your possession, custody, and/or control.

**REQUEST NO. 29:** All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 30:** All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

## GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 31:** Copies of all documents sent to or received from any governmental agency

regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three (3) years.

## POLICIES AND PROCEDURES

**REQUEST NO. 32:** All handbooks and manuals provided to you by Marten Transport LTD that were in effect at the time of the Subject Collision.

**REQUEST NO. 33:** All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Marten Transport LTD.

## MISCELLANEOUS

**REQUEST NO. 34:** All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 35:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 36:** All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 37:** If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

**REQUEST NO. 38:** Produce all documents that you have obtained in this case through nonparty requests for production and/or subpoena, including, without limitation, copies of Plaintiffs' medical records and employment records.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1.** Crystal Mourey is a proper party to this lawsuit.

**REQUEST NO. 2.** Crystal Mourey was properly named in this case.

**REQUEST NO. 3.** Crystal Mourey was properly and sufficiently served with process in this civil action.

**REQUEST NO. 4.** Venue is proper in this Court as to you.

**REQUEST NO. 5.** Jurisdiction is proper in this Court as to Crystal Mourey.

**REQUEST NO. 6.** You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 7.** You are not asserting the defense of improper service of process.

**REQUEST NO. 8.** Crystal Mourey was an employee of Marten Transport LTD at the time of the Subject Collision.

**REQUEST NO. 9.** Crystal Mourey was an agent of Marten Transport LTD at the time of the Subject Collision.

**REQUEST NO. 10.** Crystal Mourey was acting within the scope of her employment with Marten Transport LTD at the time of the Subject Collision.

**REQUEST NO. 11.** Crystal Mourey was acting within the scope of her agency with Marten Transport LTD at the time of the Subject Collision.

**REQUEST NO. 12.** You were the driver of the commercial vehicle that collided with Plaintiffs' vehicle on or about 12/14/2022.

**REQUEST NO. 13:** You failed to maintain your lane of travel at the time of the collision.

**REQUEST NO. 14:** You failed to maintain proper control of your commercial vehicle at the time of the Subject Collision.

**REQUEST NO. 15:** At the time of the Subject Collision, you failed to keep and maintain a proper lookout for traffic.

**REQUEST NO. 16:** You were not paying attention to traffic like you should have been.

**REQUEST NO. 17:** At the time of the Subject Collision, you did not see Plaintiffs' vehicle prior to the collision.

**REQUEST NO. 18:** You gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the commercial vehicle that you were driving at the time of the Subject Collision.

**REQUEST NO. 19:** You had a mobile cellular device present inside your commercial vehicle at the time of the Subject Collision.

**REQUEST NO. 20:** You had more than one (1) mobile cellular device was present inside your commercial vehicle at the time of the Subject Collision.

**REQUEST NO. 21:** You were using at least one (1) mobile cellular device in your commercial vehicle at the time of the Subject Collision.

**REQUEST NO. 22:** You were using more than one (1) mobile cellular device inside your commercial vehicle at the time of the Subject Collision.

**REQUEST NO. 23:** You were using a mobile cellular device at the moment of impact with Plaintiffs' vehicle.

**REQUEST NO. 24:** While at the scene of the collision, you conversed with at least one (1) person about what happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 25:** While at the scene of the collision, you texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 26:** While at the scene of the collision, you had a cellular mobile device or a camera that you could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 27:** While at the scene of the collision, you took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 28:** While at the scene of the collision, you took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 29:** While at the scene of the collision, you took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 30:** No improper act of the Plaintiffs caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 31:** No failure to act by Plaintiffs caused or contributed to the cause of Subject Collision.

**REQUEST NO. 32:** No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 33:** Your negligent acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 34:** Your negligent acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 35:** No visual obstructions existed leading up to the Subject Collision that would have prevented you from seeing Plaintiffs' vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 36:** No visual obstructions existed leading up to the Subject Collision that would have prevented you from seeing Plaintiffs' vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 37:** No visual obstructions existed leading up to the Subject Collision that would have prevented you from seeing Plaintiffs' vehicle in the one thousand (1000) feet prior to the Subject Collision.

Dated this 17th day of June, 2024

**WLG ATLANTA, LLC**

*/s/ Michael Alex Johnson*__________
Michael Alex Johnson
Georgia State Bar Number 679391
**Attorney for Plaintiffs**

Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
Telephone: (470) 826-5746
Facsimile:
E-Mail: michael.johnson@witheritelaw.com

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-05433-S4**
**6/17/2024 9:36 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

**JOSEPHINE JOHNSON;**
**NYOMI JOHNSON;**

**Plaintiffs**,

v.

**CRYSTAL MOUREY;**
**MARTEN TRANSPORT, LTD.;**
**ACE AMERICAN INSURANCE COMPANY;**

**Defendants.**

CIVIL ACTION

FILE NO. 24-C-05433-S4

---

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MARTEN TRANSPORT, LTD.**

COME NOW Josephine Johnson and Nyomi Johnson ("Plaintiffs"), by and through counsel, and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propound the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Marten Transport, LTD. for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system,

etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such

document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

6. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8. The term "**negligence**" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar

circumstances.

9. The term "**ordinary care**" means that degree of care, which would be used by a person of ordinary prudence under the same or similar circumstance.

10. The term "**proximate cause**" means a cause that was substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

11. The term "**tractor**," unless otherwise defined in a specific request herein, means the over-the-road vehicular power unit being operated by Driver at the time of the occurrence. This also may be referred to herein as vehicle, vehicle in question, subject vehicle, truck or truck in question.

12. The term "**telematics**" means the process of gathering, storing, and/or transmitting information, such as GPS, location, speed, hard breaking events, crashes, video, satellite tracking information, etc., about Marten Transport LTD's trucks and/or drivers for safety, tracking, efficiency, compliance, and/or performance purposes. Regardless of if the process was completed by or a company hired by Defendant.

13. "**Subject Collision**" means the collision described in the Complaint.

14. "**You**", "**Your**", or **"Marten Transport LTD"** means Defendant Marten Transport LTD**.**

15. "**Driver**" or "**Mourey**" means Defendant Driver **Ms. Crystal Dawn Mourey**.

## INTERROGATORIES

**INTERROGATORY NO. 1.** If you contend that Plaintiffs have sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2.** Identify each person expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds with regard to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

## INSURANCE

**INTERROGATORY NO. 3.** For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage. Specify whether any policy is a “cannibalizing” or “self-wasting” policy in which costs of defense may reduce amounts paid to claimants.

## VEHICLE INFO/DATA

**INTERROGATORY NO. 4.** Please provide the weight of the tractor at the time of the Subject Collision.

**INTERROGATORY NO. 5.** Identify all systems and devices in or on the tractor that have the capability of monitoring, capturing, recording and/or transmitting any video, data and/or communications of any kind (this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane Departure System,

Dash Cam (or other video devices), GPS system, truck or trailer tracking system, system that allows communication between drivers and dispatchers, etc.);

(a) With respect to each system identified, explain what video, data and/or communications the system is capable of monitoring, capturing, recording and/or transmitting;

(b) With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the Subject Collision and if so when and by whom; and

(c) With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with the Subject Collision and explain why not and whether it is still possible to obtain this material.

**DRIVER INFORMATION**

**INTERROGATORY NO. 6.** State the name, address, and driver's license number of the driver of the truck involved in the collision in question and state the nature of your relationship with the driver. If Ms. Crystal Dawn Mourey was your employee/statutory employee, please describe the job title, dates of employment of driver, reasons for termination of employment (if applicable) and whether the driver was acting within the course and scope of employment at the time of the collision in question.

**INTERROGATORY NO. 7.** Explain the relationship between and Ms. Crystal Dawn Mourey at the time of the Subject Collision including her employment status (e.g., leased driver, company driver, etc.), how she was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 8.** If you maintain that Ms. Crystal Dawn Mourey was not acting within the course and scope of her employment or agency at the time of the Subject

Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 9.** Identify and explain all communications of any kind between Ms. Crystal Dawn Mourey and anyone acting for or on behalf of Marten Transport LTD during the twenty-four (24) hours before and after the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**INTERROGATORY NO. 10.** Identify the person(s) who interviewed, qualified, or trained Ms. Crystal Dawn Mourey to ensure she was a qualified, capable, and a safe truck driver and describe what each person identified actually did in this regard.

**INTERROGATORY NO. 11.** Identify Ms. Crystal Dawn Mourey's immediate safety supervisor(s) for the three (3) years before the collision to the present, including the identity of the safety director or the person with ultimate driver safety supervisory authority. Please identify the individuals by name, employer, job title, current address, and phone number and the time periods they supervised the driver.

**INTERROGATORY NO. 12.** Identify the dispatcher who dispatched Ms. Crystal Dawn Mourey on the trip in question, and state any information given to Ms. Crystal Dawn Mourey by the dispatcher regarding the trip. This includes, but is not limited to routing information, weather conditions, locations, and times. Additionally, please provide any communication between the dispatcher and Ms. Crystal Dawn Mourey regarding the route or information provided for the trip in question.

**INTERROGATORY NO. 13.** After Ms. Crystal Dawn Mourey was hired or otherwise retained by you, please describe the process, if any, undertaken by you to ensure the driver of the

truck was not at any time operating the truck incompetently or recklessly while in your employ or under your supervision or control, including identifying and specifying any on-board supervision technology you utilized to monitor driver behavior such as audio/video/camera recording or monitoring devices, fleet management software, onboard tracking or communication systems or other driver safety monitoring systems.

**INTERROGATORY NO. 14.** Identify all persons and third-party entities responsible for driver log audits for Ms. Crystal Dawn Mourey for one (1) year preceding through three (3) months after the subject collision that forms the basis of this suit.

**INTERROGATORY NO. 15.** Identify all log-in email accounts and/or usernames Ms. Crystal Dawn Mourey used for her driver logs for one (1) year preceding through three (3) months after the subject collision that forms the basis of this suit.

**INTERROGATORY NO. 16.** Identify any and all moving violations and motor vehicle collisions involving Ms. Crystal Dawn Mourey of which you have ever been made aware. With respect to any violation, please state the violation, location, and disposition of any charges. With respect to any motor vehicle collision, please provide a brief description of the collision, the location, whether a crash report was completed, and whether Ms. Crystal Dawn Mourey was determined to have caused or to have contributed to the cause of the collision.

**INTERROGATORY NO. 17.** At any time, did Ms. Crystal Dawn Mourey or anyone acting on your behalf test for alcohol and controlled substances? If yes, please state the dates tested, who performed the testing, and the results of the testing.

## REGULATIONS AND POLICIES

**INTERROGATORY NO. 18.** Identify all policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect for Ms. Crystal Dawn Mourey at the time

of the Subject Collision.

**INTERROGATORY NO. 19.** Describe your policies and procedures that were in effect on the date of the incident concerning the supervision of drivers (including the driver in question) to ensure Ms. Crystal Dawn Mourey is operating safely and in compliance with Federal Motor Carrier Safety Regulations ("FMCSR"), other applicable safety regulations and industry safety standards.

**INTERROGATORY NO. 20.** Describe your policies and procedures that were in effect on the date of the incident concerning the hiring, qualification, and training of drivers (including the driver in question) to ensure the driver is a qualified, capable, and safe truck driver.

**INTERROGATORY NO. 21.** Identify all Marten Transport LTD policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to regarding driving, defensive driving, turning, intersections, driver distraction, and use of cell phones.

**INTERROGATORY NO. 22.** Provide a general outline of your safety program as it relates to operating your commercial trucks, including whether you have safety meetings, how often, who conducts the meetings, who is required to attend, what topics are discussed, and identify any employee or employment manuals on safety, driving, or training that you use.

**INTERROGATORY NO. 23.** Identify and specify the methods and technology you utilized to comply with FMCSR log requirements, including any fleet management software, Automatic On-Board Recording Device ("AOBRD"), or Electronic Logging Device ("ELD").

**INTERROGATORY NO. 24.** Identify any and all state or FMCSA audits, road equipment and/or driver compliance inspections or warnings and citations issued to Ms. Crystal Dawn Mourey and/or related to any equipment under your control by any city, county, state, or federal agency or enforcement official from five (5) years prior to the incident to the present. Please

identify the driver/equipment involved, the nature of the audit/inspection, date, location, and results of the audit/inspection. It is not sufficient to simply refer to any documents produced.

## INVESTIGATION OF SUBJECT COLLISION

**INTERROGATORY NO. 25.** Describe in detail when and how you first became aware that Ms. Crystal Dawn Mourey was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 26.** State whether you maintain that either Plaintiffs or any non-party has any responsibility of any kind for causing the injuries and/or damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 27.** Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 28.** Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom Marten Transport LTD believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 29.** Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of

the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 30.** Did Marten Transport LTD make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination, or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**INTERROGATORY NO. 31.** State your understanding of how the collision in question occurred, including when and where, the speed and direction of travel of the vehicles involved, the points of impact, what, if anything, Ms. Crystal Dawn Mourey did in an effort to avoid the collision, and state the bases for your understanding. Additionally, please state whether Marten Transport LTD found this incident to be preventable or non-preventable.

**INTERROGATORY NO. 32.** Identify all investigations of the collision in question that you conducted or that were conducted on your behalf. Please include the date the investigation began and the date it ended, the name, address, and relationship to Marten Transport LTD of each individual who participated in any such investigation, any conclusions/determinations that were made and whether written reports, statements, or notes were made in regard to the investigation.

**INTERROGATORY NO. 33.** Did you or anyone acting on your behalf, including your agents, employees, representatives, insurers and/or servants, ever obtain, create or otherwise possess any written, audio, or video recorded witness statements, or other such statements of any person with knowledge of relevant facts regarding this incident? If your answer is "Yes," please provide the name, address, and telephone number of the person with knowledge of relevant facts and whether the statement is currently in your actual or constructive possession, custody, or

control.

**INTERROGATORY NO. 34.** State your understanding of where Ms. Crystal Dawn Mourey had been with the truck on the date of the collision in question, the purpose of the trip, and state the basis for your understanding.

**MISCELLANEOUS**

**INTERROGATORY NO. 35.** Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 36.** State the name, title, address, and telephone number of the person answering these Interrogatories.

**INTERROGATORY NO. 37.** For each of Plaintiffs' First Requests for Admission to Defendant that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

**INTERROGATORY NO. 38.** Describe the entire transportation cycle for all cargo on the truck at the time of the collision in question and the entire trip, starting from the date of purchase of the items through delivery to the end consumer, including the following information: (a) identity of all motor carriers on all paperwork associated with this trip, as well as the identify of brokers, shippers, logistics companies, drivers, and all other persons or entities involved; (b) describe all payments, consideration and monies to be paid or received by and from any person or entity; and (c) identify all documents that relate to any aspect of the transportation cycle, the deliveries or receipt of items or the information requested.

**INTERROGATORY NO. 39.** Please state your understanding of what cargo and equipment was in the truck and/or trailer in question at the time of the collision in question.

**INTERROGATORY NO. 40.** Identify all lawsuits to which you have been named as a party

(in any capacity) which involved allegations of negligence, negligence per se or violations of sections of the Federal Motor Carrier Safety Regulations by a driver employed by or under lease to you or that involved allegations of negligent hiring, training, supervision, or negligent entrustment by you. This Interrogatory is limited to incidents that occurred within the five (5) years preceding the incident that forms the basis of this suit.

**INTERROGATORY NO. 41.** Please identify all evidence that may be used to impeach, by proof of final conviction, Plaintiffs or any person with knowledge of relevant facts to this lawsuit by stating the name of the accused, nature of the crime, date of final conviction, and style and case number of the proceeding.

**INTERROGATORY NO. 42.** Identify by name, phone number, and last known address of each commercial driver, dispatcher, and/or safety department employee who ceased employment with Marten Transport LTD for one (1) year preceding through three (3) months after the subject collision that forms the basis of this suit.

## DOCUMENT REQUESTS

## GENERAL

**REQUEST NO. 1:** A copy of each document utilized by you in any way in responding to Plaintiffs' First Interrogatories to Defendant .

**REQUEST NO. 2:** A copy of each document retention policy in effect for Marten Transport LTD at any time between the time of the Subject Collision and present.

**REQUEST NO. 3:** A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision.

**REQUEST NO. 4:** Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

## DRIVER

**REQUEST NO. 5:** All documents setting forth the relationship between Marten Transport LTD and Ms. Crystal Dawn Mourey. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:** A copy of the job description of the position(s) that Ms. Crystal Dawn Mourey was hired, employed, and/or required to perform while in the course and scope of Ms. Crystal Dawn Mourey's employment, affiliation, and/or association with Marten Transport LTD.

**REQUEST NO. 7:** The complete driver personnel file of Ms. Crystal Dawn Mourey.

**REQUEST NO. 8:** Complete payroll records of Ms. Crystal Dawn Mourey for the period from three years before the date of the collision through the present.

**REQUEST NO. 9:** Produce a full accounting of all pay provided to Ms. Crystal Dawn Mourey for six (6) months preceding through three (3) months after the subject collision that forms the

basis of this suit. This includes all internal payroll documentation, paystubs, check stubs, direct deposit receipts, cash payment receipts, bonus payments, and/or any other document evidencing payments made to Ms. Crystal Dawn Mourey.

**REQUEST NO. 10:** Copies of all documents (a) explaining how Ms. Crystal Dawn Mourey was compensated for the one (1) month leading up to and including the date of the Subject Collision and extending one (1) week after the date of the Subject Collision; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 11:** Any documents reflecting Ms. Crystal Dawn Mourey's work attendance record from three years before the date of the collision through the present.

**REQUEST NO. 12:** The contents of Ms. Crystal Dawn Mourey's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 13:** All documents of any kind that relate to any pre-employment background investigation of Ms. Crystal Dawn Mourey, including without limitation any investigation of Ms. Crystal Dawn Mourey's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Marten Transport LTD. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 14:** All documents that relate in any way to your recruiting of Ms. Crystal Dawn Mourey.

**REQUEST NO. 15:** All documents that relate in any way to you hiring Ms. Crystal Dawn Mourey.

**REQUEST NO. 16:** All documents that relate in any way to any orientation provided by Marten Transport LTD to Ms. Crystal Dawn Mourey.

**REQUEST NO. 17:** All documents that relate in any way to training of Ms. Crystal Dawn Mourey. This includes, but is not limited to, all documents that show all training received by Ms. Crystal Dawn Mourey, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 18:** All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Marten Transport LTD to Ms. Crystal Dawn Mourey at any time. An answer key should also be provided.

**REQUEST NO. 19:** A copy of the front and back of every driver's license issued to Ms. Crystal Dawn Mourey (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 20:** All documents placing you on notice of any violation by Ms. Crystal Dawn Mourey of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 21:** All documents provided by Ms. Crystal Dawn Mourey notifying Marten Transport LTD of any convictions for driver violations as required by Section 383.31 of the Federal Motor Carrier Safety Regulations.

**REQUEST NO. 22:** All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Ms. Crystal Dawn Mourey in your possession, custody, and/or control.

**REQUEST NO. 23:** If a third-party entity takes part in the Driver drug testing program, produce the contract and all related documents between Ms. Crystal Dawn Mourey and this third party, including all evidence of all payments made to this entity.

**REQUEST NO. 24:** A copy of all documents relating to any violation of any safety rule or principle by Ms. Crystal Dawn Mourey at any time.

**REQUEST NO. 25:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Marten Transport LTD directed to Ms. Crystal Dawn Mourey for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 26:** A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Ms. Crystal Dawn Mourey has been involved.

**REQUEST NO. 27:** Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Ms. Crystal Dawn Mourey. This should include, but is not limited to, customer complaints and call-ins by motorists either to Marten Transport LTD directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 28:** For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the tractor that Ms. Crystal Dawn Mourey was operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Collision and ending forty-

eight (48) hours after the Subject Collision. This includes all devices, whether owned by Ms. Crystal Dawn Mourey or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 29:** Produce logs of all text communications sent from Marten Transport LTD's dispatch to Ms. Crystal Dawn Mourey's cell phone for six (6) months preceding through three (3) months after the subject collision that forms the basis of this suit.

**REQUEST NO. 30:** Copies of all documents prepared by Ms. Crystal Dawn Mourey or Marten Transport LTD that describe the Subject Collision or the circumstances leading up to the Subject Collision.

**REQUEST NO. 31:** All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Ms. Crystal Dawn Mourey that have not been produced in response to the preceding requests.

**REQUEST NO. 32:** A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Ms. Crystal Dawn Mourey in any way, that has not been produced in response to other requests above.

**REQUEST NO. 33:** Produce all documents received in response to all FMCSA Clearinghouse requests pertaining to Ms. Crystal Dawn Mourey.

**REQUEST NO. 34:** If Ms. Crystal Dawn Mourey is still employed by Marten Transport LTD, produce a copy of Ms. Crystal Dawn Mourey's violations in the FMCSA Clearinghouse.

**HOURS OF SERVICE-RELATED DOCUMENTS**

**REQUEST NO. 35:** A copy of all Ms. Crystal Dawn Mourey's hours of service logs and any other driving logs and/or time sheets for the period beginning one hundred eighty (180) days before the Subject Collision and ending seven (7) days following the Subject Collision.

**REQUEST NO. 36:** Ms. Crystal Dawn Mourey's log audits since the inception of employment with Marten Transport LTD or for the last five years, whichever is less.

**REQUEST NO. 37:** If a third-party entity takes part in the log auditing process, produce the contract and all related documents between Marten Transport LTD and this third party, including all evidence of all payments made to this entity.

**REQUEST NO. 38:** In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Ms. Crystal Dawn Mourey was doing for the time-period beginning fourteen (14) days before the Subject Collision and ending two (2) days following the Subject Collision. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but are not limited to:

a. All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b. All documents that could be used to check the accuracy of hours-of-service logs and/or time sheets;

c. All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents

and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d. All documents evidencing any and all stops; and

e. All driver call in reports and any other documentation of any communications between you and Ms. Crystal Dawn Mourey.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE. THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 39:** Any and all data and documents from and related to the fleet management software or onboard tracking or communication system related to the vehicle in question, including records, login information, communications, e-mails, diagnostic information on the tractor and trailer, hours of service information, telematics, software, along with any other tractor trip recorder computer generated documents, tachograph charts, computer generated trip printouts or any otherwise described documents generated or stored by whatever means, in reference to any and all communications, diagnostic information, hours of service, physical movement and geographical locations at a certain time and date of the subject tractor and trailer involved in the accident from one month before the date of the collision through the date of the collision.

**REQUEST NO. 40:** A copy of all audits and summaries of Ms. Crystal Dawn Mourey's hours of service covering the period beginning one (1) year prior to the Subject Collision and ending fourteen (14) days following the Subject Collision.

**REQUEST NO. 41:** For each driver log account used by Ms. Crystal Dawn Mourey while driving for Marten Transport LTD, produce logs of all messages sent and received for six (6)

months preceding through three (3) months after the subject collision that forms the basis of this suit.

## VEHICLE INFORMATION

**REQUEST NO. 42:** For the tractor involved in the Subject Collision, produce the following documents:

a. Title;

b. Registration;

c. Operators manual;

d. Maintenance Schedules;

e. All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Collision;

f. All documents evidencing any inspections of the tractor during the six (6) months before the Subject Collision;

g. All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Collision;

h. All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

i. All leases involving the vehicle;

j. Documents evidencing the purchase of the vehicle;

k. Documents evidencing the sale of the vehicle if it has been sold;

l. Documents evidencing mileage and weight at time of the Subject Collision; and

m. Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 43:** For the trailer involved in the Subject Collision, produce the following documents:

a. Title;

b. Registration;

c. Operators manual;

d. Maintenance Schedules;

e. All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Collision;

f. All documents evidencing any inspections of the tractor during the six (6) months before the Subject Collision;

g. All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Collision;

h. All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

i. All leases involving the vehicle;

j. Documents evidencing the purchase of the vehicle;

k. Documents evidencing the sale of the vehicle if it has been sold;

l. Documents evidencing mileage and weight at time of the Subject Collision; and

m. Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 44:** If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit,

power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before, during, and after the Subject Collision.

**REQUEST NO. 45:** If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 46:** All data and documents from, and related to, any and all electronic safety systems equipped on the tractor, including but not limited to Electronic Stability Control ("ESC"), Lane Departure Warning Systems ("LDWS"), Collision Warning Systems ("CWS"), Intelligent Cruise Control Systems ("ICCS"), Tire Pressure Monitoring Systems ("TPMS"), Fault Reporting Systems ("FRS"), including data from the system itself, error codes, fault codes, software upgrades and patches, manuals, and modifications.

**REQUEST NO. 47:** Produce copies of all e-mails between Marten Transport LTD and Ms. Crystal Dawn Mourey for the time-period beginning ninety (90) days prior to the Subject Collision to present.

**REQUEST NO. 48:** Produce copies of all communications and transmissions between Ms. Crystal Dawn Mourey and Marten Transport LTD that were transmitted through any system on-board of the tractor involved in the Subject Collision for the period beginning thirty (30) days before the Subject Collision and ending seven (7) days after the Subject Collision. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes without limitation all electronic on-board recorders (EOBRs) and systems such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 49:** If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 50:** All recordings, videos or photographs from recorder(s) or camera(s) in the vehicle on the date of the collision at issue, including any on-board audio/video/camera recording or monitoring devices and/or any other driver or driver safety monitoring systems. This request is to produce everything that was retrieved from such devices and systems. If such has not been retrieved but is still accessible, please produce all such recordings, videos, or photographs for 24 hours before the collision through 24 hours after the collision.

**REQUEST NO. 51:** All information captured or recorded by any device or mobile application that captures or records, in any manner, the driving habits of the defendant(s), including but not limited to speed, braking, position of steering wheel, episodes of hard braking, routes travelled, the time frame to drive such routes, or any other information related to the operation of the motor vehicle for the 24 hours before the collision through 24 hours after the collision.

**REQUEST NO. 52:** To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the tractor and/or anything inside or connected to any part or system of the tractor that were involved in the Subject Collision.

**REQUEST NO. 53:** A copy of each out of service report or violation concerning the tractor involved in the Subject Collision from the period beginning one (1) year prior to the Subject Collision through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 54:** Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Collision, including, but not limited to, repair estimates, appraisals,

purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Collision.

**REQUEST NO. 55:** Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 56:** For the tractor involved in the Subject Collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Collision and ending one (1) week after the Subject Collision.

**REQUEST NO. 57:** Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Collision for the tractor.

## LOAD

**REQUEST NO. 58:** All documents that relate to the load being hauled by Ms. Crystal Dawn Mourey at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT COLLISION

**REQUEST NO. 59:** A copy of every document related to any investigation done by or on behalf of Marten Transport LTD of the scene of the Subject Collision.

**REQUEST NO. 60:** All documents authored by anyone working for or on behalf of Marten Transport LTD that set forth any facts relating to the Subject Collision.

**REQUEST NO. 61:** All documents concerning or relating to any mechanical failure or defect in any motor vehicle that was involved in the collision.

**REQUEST NO. 62:** All items, materials or written documentation removed from the tractor-trailer in question following the incident in question by any person, including Defendant's attorneys and/or insurance representatives.

**REQUEST NO. 63:** All documents that explain what caused the Subject Collision.

**REQUEST NO. 64:** All documents assessing preventability of and/or fault for the Subject Collision.

**REQUEST NO. 65:** If the scene of the Subject Collision was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Collision, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 66:** Copies of all photographs, video, computer simulations, and any other documents depicting:

a. Any vehicle involved in the Subject Collision;

b. Any person involved in the Subject Collision;

c. The scene of the Subject Collision; and/or

d. Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 67:** Copies of all reports (you know what this means and it is not vague) relating to the Subject Collision including those prepared by Marten Transport LTD and those prepared by anyone working for or on behalf of Marten Transport LTD (except lawyers).

**REQUEST NO. 68:** A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 69:** All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 70:** If an Accident Review Board or similar entity reviewed the Subject Collision, produce the following:

a. A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

b. A copy of all reports and documents (as defined) of any kind generated by said board or entity;

c. Documents evidencing who was on the board;

d. Documents evidencing all criteria for review; and

e. Determination of preventability and all other conclusions reached by said board or entity.

## GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 71:** Copies of all documents sent to or received from any governmental agency regarding the Subject Collision, the driver involved in the Subject Collision, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 72:** Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

**REQUEST NO. 73:** All documents relating to the U.S. Department of Transportation surveys and audits of Marten Transport LTD, over the last ten (10) years.

## POLICY AND PROCEDURES

**REQUEST NO. 74:** Copies of all Marten Transport LTD policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Collision, relating to:

a. Working for or with trucking company generally (e.g., employee manual or handbook);

b. Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

c. Operation of a commercial vehicle;

d. Driving safety;

e. Defensive driving;

f. Compliance with federal and state laws and regulations;

g. Accident investigation;

h. Accident review boards;

i. Determination of preventability of accidents;

j. Hiring, training and supervising drivers; and

k. Disciplinary actions.

**REQUEST NO. 75:** Copies of each document that Ms. Crystal Dawn Mourey signed to prove that she received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of .

**REQUEST NO. 76:** To the degree that Marten Transport LTD has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to before the Subject Collision, please produce them now.

**REQUEST NO. 77:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, and driver diagnostic record or test maintained by your company, or used by Marten Transport LTD, its personnel, agents, or employees during the year of the Subject Collision and three (3) years prior.

**REQUEST NO. 78:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

**TRUCKING COMPANY**

**REQUEST NO. 79:** Copy of documents showing the hierarchy of managerial positions at Marten Transport LTD and who occupied such positions as of the time of the Subject Collision and presently.

**REQUEST NO. 80:** A copy of each document (including articles and presentations) prepared and/or presented by any Marten Transport LTD representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 81:** All company newsletters distributed during the time period beginning two (2) years before the Subject Collision and present.

**REQUEST NO. 82:** A copy of all lease and trip lease contracts applicable to Ms. Crystal Dawn Mourey and/or any vehicle involved in the Subject Collision.

**REQUEST NO. 83:** Copies of any contract under which your company was operating the truck in question at the time of the Subject Collision.

**REQUEST NO. 84:** A copy of Marten Transport LTD's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 85:** Transcripts or recordings of all depositions of corporate designees for Marten Transport LTD given in the past five (5) years in cases where it was alleged that a driver working for Marten Transport LTD caused injury or death to another person.

**REQUEST NO. 86:** Copies of all documents putting any third party on notice of a claim arising from the Subject Collision

**REQUEST NO. 87:** All correspondence and other communication of any kind between you and any other Defendant to this Action.

**REQUEST NO. 88:** All "claim file materials" from you or your insurers, including file notes, reports, communications, statements, summaries, and other materials regarding this incident generated or received by you or your insurers, including data obtained by your insurer from an event data recorder or global positioning device. To the extent Defendant withholds any items responsive to this request, please provide a privilege log.

**REQUEST NO. 89:** If a third-party entity takes part in the regular maintenance of Marten Transport LTD's commercial vehicles, produce the contract and all related documents between Marten Transport LTD and this third party, including all evidence of all payments made to this entity.

**REQUEST NO. 90:** If a third-party entity takes part in the driver training of Marten Transport LTD's drivers, produce the contract and all related documents between Marten Transport LTD and this third party, including all evidence of all payments made to this entity.

**REQUEST NO. 91:** If a third-party entity takes part in the recruitment, hiring, and/or qualification of commercial drivers for Marten Transport LTD, produce the contract and all related documents between Marten Transport LTD and this third party, including all evidence of all payments made to this entity.

**REQUEST NO. 92:** All contracts, license agreements, user manuals, and other documents that relate to the terms and conditions of sale, use, and/or operation of the same between Marten Transport LTD and the providers and/or sellers of the ELD, AOBRD, and/or the tractor's telematics systems used by the tractor and/or trailer at the time of the subject collision that forms the basis of this suit.

**REQUEST NO. 93:** All emails, letters, correspondence, and other documents exchanged between and any third party relating to the ELD, AOBRD, and/or any telematics system that relate, in whole or in part, to the retrieval and/or preservation of the information contained on these systems for the subject tractor and trailer for the 6 months preceding, including the day of the collision through one (1) week after the subject collision that forms the basis of this suit.

**REQUEST NO. 94:** Produce Marten Transport LTD's ISS score, the ISS recommendation, and the FMCSA's basis for recommendation. This can be accessed through your FMCSA portal account, found here https://portal.fmcsa.dot.gov/login.

**REQUEST NO. 95:** Produce a download of your entire FMCSA portal account. You can access your portal account here: https://portal.fmcsa.dot.gov/login.

## MISCELLANEOUS

**REQUEST NO. 96:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

a. A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

b. A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

c. A copy of the entire file of said expert;

d. A current résumé or curriculum vitae for said expert; and

e. All billing records and work logs for said expert.

**REQUEST NO. 97:** A copy of any and all documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 98:** Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 99:** Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 100:** Produce each document or thing that you contend evidences or supports your denial of any of Plaintiffs' Requests for Admission.

**REQUEST NO. 101:** If any surveillance has been undertaken by or on behalf of Marten Transport LTD, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

**REQUEST NO. 102:** Produce all documents and materials you have obtained through subpoena or non-party requests for production.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1** Marten Transport LTD is properly named in the Complaint.

**REQUEST NO. 2** Venue is proper in this Court.

**REQUEST NO. 3** Jurisdiction is proper in this Court.

**REQUEST NO. 4** Service of process upon Marten Transport LTD in this civil action was proper.

**REQUEST NO. 5** Service of process upon Marten Transport LTD in this civil action was legally sufficient.

**REQUEST NO. 6** You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 7** You are not asserting the defense of improper service of process.

**REQUEST NO. 8** At the time of the Subject Collision, Ms. Crystal Dawn Mourey was an agent of Marten Transport LTD.

**REQUEST NO. 9** At the time of the Subject Collision, Ms. Crystal Dawn Mourey was an employee of Marten Transport LTD.

**REQUEST NO. 10** At the time of the Subject Collision, Ms. Crystal Dawn Mourey was acting within the course and scope of her employment with Marten Transport LTD.

**REQUEST NO. 11** At the time of the Subject Collision, Ms. Crystal Dawn Mourey was acting within the course and scope of her agency with Marten Transport LTD.

**REQUEST NO. 12** At the time of the Subject Collision, Marten Transport LTD was the owner of the tractor involved in the Subject Collision.

**REQUEST NO. 13** At the time of the Subject Collision, Marten Transport LTD was the owner of the trailer involved in the Subject Collision.

**REQUEST NO. 14** The DOT number for the tractor that was involved in the Subject Collision

was 74432.

**REQUEST NO. 15** The MC-ICC number for the tractor that was involved in the Subject Collision was 103798.

**REQUEST NO. 16** The VIN for the tractor that was involved in the Subject Collision was 1XKYD49X0LJ354294.

**REQUEST NO. 17** At the time of the Subject Collision, Ms. Crystal Dawn Mourey was operating the tractor owned by Marten Transport LTD.

**REQUEST NO. 18** At the time of the Subject Collision, Ms. Crystal Dawn Mourey was operating the tractor with the permission of Marten Transport LTD.

**REQUEST NO. 19** At the time of the Subject Collision, Ms. Crystal Dawn Mourey was operating the tractor with the knowledge of Marten Transport LTD.

**REQUEST NO. 20** At the time of the Subject Collision, Ms. Crystal Dawn Mourey was operating the tractor as trained by Marten Transport LTD.

**REQUEST NO. 21** Ms. Crystal Dawn Mourey was the driver of Marten Transport LTD's tractor that collided with Plaintiff's vehicle.

**REQUEST NO. 22** At this time of the Subject Collision, Ms. Crystal Dawn Mourey was operating under the DOT authority of Marten Transport LTD.

**REQUEST NO. 23** At the time of the Subject Collision, Ms. Crystal Dawn Mourey was under dispatch by Marten Transport LTD.

**REQUEST NO. 24** At the time of the Subject Collision, Ms. Crystal Dawn Mourey was under the federal motor carrier authority of Marten Transport LTD.

**REQUEST NO. 25** used HireRight to screen Ms. Crystal Dawn Mourey prior to Marten Transport LTD hiring Ms. Crystal Dawn Mourey.

**REQUEST NO. 26** Marten Transport LTD did not use HireRight to screen Ms. Crystal Dawn Mourey prior to Marten Transport LTD hiring Ms. Crystal Dawn Mourey.

**REQUEST NO. 27** Marten Transport LTD has used HireRight to screen Ms. Crystal Dawn Mourey after Marten Transport LTD hired Ms. Crystal Dawn Mourey.

**REQUEST NO. 28** Marten Transport LTD has not used HireRight to screen Ms. Crystal Dawn Mourey after Marten Transport LTD hired Ms. Crystal Dawn Mourey.

**REQUEST NO. 29** Marten Transport LTD obtained records from HireRight for Ms. Crystal Dawn Mourey prior to Marten Transport LTD hiring Ms. Crystal Dawn Mourey.

**REQUEST NO. 30** Marten Transport LTD did not obtain records from HireRight for Ms. Crystal Dawn Mourey prior to Marten Transport LTD hiring Ms. Crystal Dawn Mourey.

**REQUEST NO. 31** Marten Transport LTD obtained records from HireRight for Ms. Crystal Dawn Mourey after Marten Transport LTD hired Ms. Crystal Dawn Mourey.

**REQUEST NO. 32** Marten Transport LTD did not obtain records from HireRight for Ms. Crystal Dawn Mourey after Marten Transport LTD hiring Ms. Crystal Dawn Mourey.

**REQUEST NO. 33** Marten Transport LTD used a company other than HireRight to screen Ms. Crystal Dawn Mourey prior to Marten Transport LTD hiring Ms. Crystal Dawn Mourey.

**REQUEST NO. 34** Marten Transport LTD used a company other than HireRight to screen Ms. Crystal Dawn Mourey after Marten Transport LTD hired Ms. Crystal Dawn Mourey.

**REQUEST NO. 35** Marten Transport LTD obtained records from a company other than HireRight that screened Ms. Crystal Dawn Mourey prior to Marten Transport LTD hiring Ms. Crystal Dawn Mourey.

**REQUEST NO. 36** Marten Transport LTD did not obtain records from a company other than HireRight that screened Ms. Crystal Dawn Mourey after Marten Transport LTD hired Ms. Crystal Dawn Mourey.

**REQUEST NO. 37** Ms. Crystal Dawn Mourey failed to maintain her lane of travel at the time of the collision.

**REQUEST NO. 38** Ms. Crystal Dawn Mourey failed to maintain proper control of her truck at the time of the Subject Collision.

**REQUEST NO. 39** At the time of the Subject Collision, Ms. Crystal Dawn Mourey failed to keep and maintain a proper lookout for traffic.

**REQUEST NO. 40** Ms. Crystal Dawn Mourey was not paying attention to traffic like she should have been.

**REQUEST NO. 41** Defendant's vehicle was equipped with a telematics device and/or system.

**REQUEST NO. 42** Defendant's vehicle was not equipped with a telematics device and/or system.

**REQUEST NO. 43** A data download was performed on the tractor in question following this collision.

**REQUEST NO. 44** Defendant has produced to Plaintiffs all vehicle download data related to the vehicles in this collision.

**REQUEST NO. 45** At the time of the incident in question the tractor being operated by Ms. Crystal Dawn Mourey was equipped with a dashcam or other video equipment capable of recording.

**REQUEST NO. 46** Marten Transport LTD has video (from any source) capturing the collision in question.

**REQUEST NO. 47** Marten Transport LTD has produced all documents, videos, presentations, computer programs, and other materials that you used to train Ms. Crystal Dawn Mourey on the safe operation of a commercial motor vehicle, defensive driving, space management, speed management, hazard perception, visual search, night operations, communication, distracted driving, extreme weather driving conditions, and night operation.

**REQUEST NO. 48** Marten Transport LTD's FMCSA private portal account profile contains additional information than what is shown on Marten Transport LTD's public FMCSA profile.

**REQUEST NO. 49** Ms. Crystal Dawn Mourey gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Ms. Crystal Dawn Mourey was driving at the time of the Subject Collision.

**REQUEST NO. 50** Ms. Crystal Dawn Mourey had a mobile cellular device present inside her truck at the time of the Subject Collision.

**REQUEST NO. 51** Ms. Crystal Dawn Mourey had more than one (1) mobile cellular device was present inside her truck at the time of the Subject Collision.

**REQUEST NO. 52** Ms. Crystal Dawn Mourey was using at least one (1) mobile cellular device in her truck at the time of the Subject Collision.

**REQUEST NO. 53** Ms. Crystal Dawn Mourey was using more than one (1) mobile cellular device inside her truck at the time of the Subject Collision.

**REQUEST NO. 54** Ms. Crystal Dawn Mourey was using a mobile cellular device at the moment of impact with Plaintiffs' vehicle.

**REQUEST NO. 55** While at the scene of the collision, Ms. Crystal Dawn Mourey conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 56** While at the scene of the collision, Ms. Crystal Dawn Mourey texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 57** While at the scene of the collision, Ms. Crystal Dawn Mourey had a cellular mobile device or a camera that she could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 58** While at the scene of the collision, Ms. Crystal Dawn Mourey took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 59** While at the scene of the collision, Ms. Crystal Dawn Mourey took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 60** While at the scene of the collision, Ms. Crystal Dawn Mourey took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 61** No improper act of the Plaintiffs caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 62** No failure to act by Plaintiffs caused or contributed to the cause of Subject Collision.

**REQUEST NO. 63** No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 64** The collision in question occurred as a result of Defendant Ms. Crystal Dawn Mourey's negligence.

**REQUEST NO. 65** Ms. Crystal Dawn Mourey's negligent acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 66** Ms. Crystal Dawn Mourey's negligent acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 67** No visual obstructions existed leading up to the Subject Collision that would have prevented Ms. Crystal Dawn Mourey from seeing Plaintiffs' vehicle in the one hundred (100) feet prior to the Subject Collision.

**REQUEST NO. 68** No visual obstructions existed leading up to the Subject Collision that would have prevented Ms. Crystal Dawn Mourey from seeing Plaintiffs' vehicle in the two hundred fifty (250) feet prior to the Subject Collision.

**REQUEST NO. 69** No visual obstructions existed leading up to the Subject Collision that would have prevented Ms. Crystal Dawn Mourey from seeing Plaintiffs' vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 70** No visual obstructions existed leading up to the Subject Collision that would have prevented Ms. Crystal Dawn Mourey from seeing Plaintiffs' vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 71** No visual obstructions existed leading up to the Subject Collision that would have prevented Ms. Crystal Dawn Mourey from seeing Plaintiffs' vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 72** The person answering these questions has authority from Marten Transport LTD to do so.

**REQUEST NO. 73** Marten Transport LTD checked the FMCSA Clearinghouse portal for Ms.

Crystal Dawn Mourey's violations before hiring.

**REQUEST NO. 74** Marten Transport LTD checked the FMCSA Clearinghouse portal for Ms. Crystal Dawn Mourey's violations after hiring.

Dated this 17TH day of June, 2024.

**WLG ATLANTA, LLC**

*/s/ Michael Alex Johnson*__________
Michael Alex Johnson
Georgia State Bar Number 679391
**Attorney for Plaintiffs**

Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
Telephone: (470) 826-5746
Facsimile:
E-Mail: michael.johnson@witheritelaw.com

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-05433-S4**
**6/17/2024 9:36 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOSEPHINE JOHNSON;<br>NYOMI JOHNSON;<br>Plaintiffs,<br>v.<br><br>CRYSTAL MOUREY;<br>MARTEN TRANSPORT, LTD.;<br>ACE AMERICAN INSURANCE COMPANY;<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO.<br>24-C-05433-S4 |

**PLAINTIFF'S NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF CORPORATE REPRESENTATIVE FOR MARTEN TRANSPORT, LTD BY REMOTE ELECTRONIC MEANS AND REQUEST FOR PRODUCTION**

TO: Crystal D. Mourey, Marten Transport LTD, and ACE American Insurance Co by and through their attorneys of records.

Pursuant to O.C.G.A. § 9-11-30(b)(6), please take notice that on **Thursday, December 12, 2024** commencing at **2:00 PM EST** via remote electronic means the plaintiffs in the above-captioned action will proceed to take the deposition of the corporate representative of Marten Transport, LTD who is most knowledgeable of the following topics listed herein below. The deposition will be taken upon oral examination before an officer authorized by law to administer oath for the purposes of discovery and any other purpose allowed under the Georgia Civil Practice Act, and the deposition will be recorded by a videographer.

## **Definitions**

a. The term “SUBJECT COLLISION” as used herein is defined as the collision at issue in this case.

b. The term “FMCSR” as used herein refers to the Federal Motor Carrier Safety Regulations.

c. The term “MOTOR CARRIER” as used herein refers to Defendant Trucking Company Marten Transport, LTD.

d. The term “DRIVER” as used herein refers to Defendant Crystal D. Mourey.

## **Subject Matters Requested**

The subject matters and DOCUMENTS requested are as follows:

## **DEFENDANT MOTOR CARRIER**

1. MOTOR CARRIER’s safety philosophy and mission statements, as such relate to the operation of commercial motor vehicles.

2. MOTOR CARRIER’s corporate structure and hierarchy.

3. MOTOR CARRIER's safety department’s structure and hierarchy, its personnel, its purpose and its function and role within the organization.

4. MOTOR CARRIER’s safety budget for the three (3) years leading up to the Subject Collision.

5. MOTOR CARRIER's training budget for the three (3) years leading up to the Subject Collision.

6. What MOTOR CARRIER expects of its drivers in connection with safety, honor, integrity, veracity, attitude, and the operation of commercial motor vehicles.

7. MOTOR CARRIER's fleet size at the time of the collision made the basis of this lawsuit up until the present.

8. MOTOR CARRIER's policies, procedures, practices, guidelines, instructions, and expectations for MOTOR CARRIER commercial drivers regarding the following areas and all DOCUMENTS that set forth or explain such policies, procedures, practices, guidelines, instructions and expectations:

a. MOTOR CARRIER's hiring and employment qualifications for commercial drivers;
b. Driver qualification;
c. Driver training;
d. Driving practices;
e. Defensive driving;
f. Supervision of drivers;
g. Accident investigation, review (e.g., review board) and reporting;
h. Accident preventability and/or root cause determinations;
i. Employee discipline;
j. Employee termination; and
k. Document retention.

9. MOTOR CARRIER's position regarding whether MOTOR CARRIER and/or DRIVER were subject to the FMCSRs at the time of the Subject Collision.

10. The results, findings, conclusions and/or penalties from any Compliance Review that was conducted on MOTOR CARRIER during the five (5) years prior to the date of the Subject Collision and/or at any time thereafter that covered the date of the Subject Collision.

11. All safety audits, compliance review audits and/or any other safety review of MOTOR CARRIER operations internally or by any third-party during the five (5) years

leading up to the date of the Subject Collison and/or at any time thereafter that covered the date of the Subject Collision.

12. The relationship (e.g., employee, leased driver, independent contractor) between MOTOR CARRIER and DRIVER throughout the time DRIVER worked with MOTOR CARRIER.

13. The manner in which DRIVER was compensated for his work with MOTOR CARRIER.

14. DRIVER's job duties, activities, and responsibilities while working for MOTOR CARRIER.

15. All standards of care and trucking industry standards known to, relied upon by, and/or applicable to MOTOR CARRIER's drivers, including the Defendant DRIVER, while operating commercial motor vehicles.

16. MOTOR CARRIER's qualification and training of DRIVER to operate a commercial motor vehicle.

17. MOTOR CARRIER's supervision of DRIVER's operation of a commercial motor vehicle.

## DEFENDANT DRIVER

18. DRIVER's medical, physical, and psychological condition for the time-period beginning three years before the Subject Collision to present. This includes, but is not limited to, any assessment for and treatment for sleep apnea and/or other fatigue related conditions.

19. DRIVER's driving and criminal history for the seven (7) years preceding the Subject Collision.

20. DRIVER's training and experience before starting to work for MOTOR CARRIER.

21. All training MOTOR CARRIER provided to DRIVER having anything to do with FMCSRs, defensive driving, keeping a proper look out, yielding to other traffic and/or any aspect of operating a commercial motor vehicle.

22. The identification of each instance during the time when DRIVER has worked as a driver for MOTOR CARRIER, where DRIVER violated any FMCSR, state law or regulation, trucking industry standard and/or any MOTOR CARRIER company rule, policy, or guideline.

23. All supervisory actions, corrective actions, counseling actions, and disciplinary actions of any type ever taken regarding DRIVER, while he has driven for MOTOR CARRIER. This includes all communication between anyone at MOTOR CARRIER and DRIVER regarding any safety related issue or employment related issue. This would also include termination in the event that DRIVER has been terminated.

24. All reports, memos, notes, logs, call-ins, and all other DOCUMENTS evidencing complaints or comments about DRIVER internally at MOTOR CARRIER or from any outside source.

**DISPATCH AND ROUTING**

25. The dispatch process and procedure for drivers like DRIVER at the time of the Subject Collision.

26. The trip that DRIVER was on at the time of the Subject Collision:

a. DRIVER's intended route and whether he had deviated from that route;
b. Where DRIVER was coming from and where he was going to at the time of the Subject Collision;
c. When DRIVER was expected at his next stop (when the Subject Collision occurred) and whether he was on time for his expected next stop; and
d. All stops, pick-ups and deliveries DRIVER made in the seven (7) days leading up to the date of the Subject Collision.

## HOURS OF SERVICE

27. All Hours of Service audits of DRIVER:

a. MOTOR CARRIER policies, procedures and practices regarding performance of Hours of Service log audits;
b. Who performs Hours of Service log audits;
c. The types of audits performed; and
d. How audits are used.

28. DRIVER' hours of Service for the seven (7) days leading up to and on the date of the Subject Collision.

a. MOTOR CARRIER's position as to whether DRIVER was compliant with FMCSR Hours of Service regulations at the time of the Subject Collision;
b. MOTOR CARRIER's position regarding whether any of the driver's logs for the seven (7) days leading up to and on the date of the collision contain any errors, omissions, falsifications and/or violations of FMCSR and/or MOTOR CARRIER company policy and if so, an explanation of same; and
c. What MOTOR CARRIER did to determine whether any of the above-referenced logs contained any errors, omissions, falsifications and or violations and when any such actions were taken.

## EQUIPMENT

29. Onboard Systems:

a. The identification of all systems and devices of any kind that were on the tractor and/or trailer operated by DRIVER at the time of the Subject Collision that are capable of monitoring, capturing, recording, and/or transmitting any data and/or communications (e.g., EOBR; GPS, satellite, cellular and other systems; engine, powertrain and brake control modules; trip or event recorders, lane

departure warning systems, communication systems, onboard camera systems, etc.);

b. Explanation of how each system and device operates, what data it is capable of monitoring, capturing, recording, and/or transmitting, how such data is stored and retrieved and what reports are capable of being run based upon the data and/or communications;
c. The steps taken by anyone to preserve and, if applicable, to download the above-referenced data and communications;
d. All persons involved in the process of preserving and/or downloading and/or analyzing the referenced data and communications; and
e. All data, communications and reports of any kind from each system and device that contains any data, information, depiction and/or communications related to the tractor or trailer at issue within seventy-two (72) hours of the Subject Collision.

30. The weight of the tractor and trailer at the time of the Subject Collision.

31. Whether DRIVER performed a proper pre-trip inspection prior to operating the MOTOR CARRIER tractor-trailer on the date of the Subject Collision.

32. Whether MOTOR CARRIER or DRIVER contend that any defect or problem with any of the MOTOR CARRIER equipment (tractor and/or trailer) caused or contributed to cause the Subject Collision and, if so, the nature of the issue, the duration that the issue was a problem, all efforts to correct the issue.

## <u>SUBJECT COLLISION</u>

33. The identity of each MOTOR CARRIER employee and/or agent who in the ordinary course of MOTOR CARRIER's business has been involved in any way in the investigation of the Subject Collision, all steps taken by each such person during any such investigation, all evidence, information, and/or facts collected by each such person, the conclusions reached by each such person.

34. The identity of each person who communicated with DRIVER regarding the Subject Collision.

35. MOTOR CARRIER's understandings of how and why the Subject Collision occurred, all causes of and contributing factors to the Subject Collision, and how MOTOR CARRIER reached these understandings, including all investigations, reviews, determinations, and actions by any supervisor, accident review board or committee, or person(s) making any preventability, root cause, fault or disciplinary determinations related to the Subject Collision.

36. All alcohol and drug tests administered to DRIVER by MOTOR CARRIER at any time, the results thereof.

**<u>INSURANCE COVERAGE</u>**

37. Insurance coverage available for the losses sustained in this case (including self-insured retentions, deductibles, and all primary, umbrella and excess coverages) and all reservation of rights letters sent by any insurer to MOTOR CARRIER and/or DRIVER in connection with the Subject Collision.

**<u>DOCUMENT PRODUCTION</u>**

38. The efforts undertaken by MOTOR CARRIER to ensure that all DOCUMENTS responsive to Plaintiffs' Request(s) for Production of DOCUMENTS to Defendant MOTOR CARRIER are complete and that all responsive DOCUMENTS have been produced as well as a full and complete explanation as to why any document was not fully produced and/or was withheld from production.

The oath will be administered to the Corporate Representative for Marten Transport, LTD by the court reporter via videoconferencing. The deponent is requested to email the documents requested in Exhibit "A" attached hereto and incorporated herein by reference to Michael.Johnson@witheritelaw.com prior to the deposition. Deponent will be at one location, court reporter will be at another location, and counsel will be at different locations. The oral examination will continue day-to-day until completed. You are invited to be present at such time and cross-examine the witness.

Respectfully submitted,

**WLG ATLANTA, LLC**

***/s/ Michael Johnson***

MICHAEL A. JOHNSON, ESQ.
GEORGIA STATE BAR NUMBER 679391
ROB LOAR, ESQ.
GEORGIA STATE BAR NUMBER 602484
ATTORNEYS FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-826-5746
FACSIMILE: 470-826-5746
E-MAIL: MICHAEL.JOHNSON@WITHERITELAW.COM

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served defendants with a copy of the, **PLAINTIFFS' NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF CORPORATE REPRESENTATIVE FOR MARTEN TRANSPORT, LTD BY REMOTE ELECTRONIC MEANS AND REQUEST FOR PRODUCTION** along with Plaintiff's Original Complaint.

**WLG ATLANTA, LLC**

***/s/ Michael Johnson***
MICHAEL A. JOHNSON, ESQ.
GEORGIA STATE BAR NUMBER 679391
ROB LOAR, ESQ.
GEORGIA STATE BAR NUMBER 602484
ATTORNEYS FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-826-5746
FACSIMILE: 470-826-5746
E-MAIL: MICHAEL.JOHNSON@WITHERITELAW.COM

**EXHIBIT A**

Documents to be produced:

1. All umbrella and excess polices of insurance.

2. Any and all Policies or Procedures on Hiring.

3. Any and all documents relating to Marten Transport, LTD's hiring criteria for drivers for five years prior to the date of SUBJECT COLLISION

4. Any and all documents from any of 's previous employeers including, but not limited to Ex-Employer.

5. Any and all documents relating to the driving history/record of .

6. Any and all documents referencing or relating to any *probationary periods* for Marten Transport, LTD drivers including, but not limited to general policies and procedures, Crystal D. Mourey or any other drivers in Georgia hired within 6 months of Marten Transport, LTD .

7. All Accident Registers, accident record keeping reports or documents indicating DOT reportable events for five years prior to the date of the SUBJECT COLLISION.

8. All inspection records on the trailer and driver involved in this collision, including but not limited to:

   a. All driver vehicle inspection reports required under 49 C.F.R. 396.11 for the trailer involved in the above collision.
   b. The pre-trip inspection report(s) completed by the driver for the trip involved in this collision.
   c. All daily inspection reports for the trailer involved in this collision in April 2023.
   d. Any post-collision maintenance, inspection, or repair records or invoices in regard to the trailer involved in the collision in question.

9. All employment records of , including but not limited to: Complete color copies of all Driver's Personnel, Discipline, Training and Qualifications file(s) Crystal D. Mourey's complete driver's qualification file, as required by 49 C.F.R. 391.51, including but not limited to:

   a. Application for employment
   b. CDL license

c. Driver's certification of prior traffic violations
d. Driver's certification of prior collisions
e. Driver's employment history
f. Inquiry into driver's employment history
g. Pre-employment MVR
h. Annual MVR
i. Annual review of driver history
j. Certification of road test
k. Medical examiner's certificate
l. All Drug testing records
m. HAZMAT or other training documents
n. All training records for Marten Transport, LTD including all training manuals.
o. All reports, memos, notes, logs or other documents evidencing complaints about the driver in the above collision.

10. Complete color copies of all driver's log books, including any hand written notes, calculations, drawings or additions thereto, and all other records of hours of service for driver Crystal D. Mourey, including but not limited to:

    a. All daily logs for the six (6) month period preceding the date of this collision, the date of this collision, and the fourteen (14) days following the date of this collision, together with all 70-hour summaries, and all documents and material required by 49 C.F.R. § 395.8, specifically including those items identified in the Department of Transportation's interpretation of said regulation, for the driver involved in the above matter.
    b. Any and all audits of Marten Transport, LTD 's logs, on-duty and driving time that you created during the six-month period preceding the collision, the date of, and through the delivery of the cargo being hauled at the time of the collision.

11. All records of any kind showing the movement of the trailer involved in this collision for the month prior to this collision and the month following the collision including but not limited to:
    a. Any data and printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master or other recording or tracking device for the day of the collision, the thirty (30) day period preceding the collision, and the eight (8) days following the date of the collision, for the trailer, or cargo involved in the collision.
    b. Any downloadable computer data from the trailer's computer system to include but not be limited to Electronic Control Modules, Event Data

Recorders, Eaton VORAD collision warning system, and other similar systems.

c. Any and all GPS (global positioning system) and satellite tracking records for the trailer, or load involved in this collision, for the thirty (30) day period before the crash, the date of the crash, and the fourteen (14) days following the crash.

12. Color copies of all records, of any kind, which show any communication to or from the driver of the trailer involved in this collision during the eight (8) days prior to this collision and the eight days following this collision including but not limited to.

a. All telephone records for any mobile device used to send or receive communications with the driver, or which was present in the trailer involved in this collision, for the fifteen (15) days prior to the collision, the date of the collision, and the fifteen (15) days following this collision.

b. This includes all records of usage for each mobile phone within your possession, the possession of the driver, or under your control at the time of the crash, produce all records of usage for such phone including, e.g., call logs, text and multimedia messages exchanged, data usage, *app* or program usage, and any GPS data.

c. All records recordings, text messages, or other electronic communications to or from the driver for the eight (8) day period before, the date of, and eight (8) days following the collision.

d. Any and all computer, electronic, or e-mail messages of any type created in the eight (8) days prior to the collision, the date of, and the eight (8) days following the date of this collision, by and between Marten Transport, LTD and any agents or third parties, as well as any computer messages which relate to this particular incident. We also request that you to put any vendor which hosts or stores this data for your insured on notice of the need to preserve this data.

e. Any data and printout from on-board recording devices, OmniTRAC, Qualcomm,MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the eight (8) days prior to the collision,the date of, and the eight (8) days following the date of this collision for this driver and truck.

f. Records of any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device to include the bills for the devices for the eight (8) day period before, the date of, and eight (8) days following the collision;

g. Any driver call-in records or other written or electronic records indicating communications between the company and the driver

regarding the movement of cargo or the day-to-day operations of the equipment and/or driver

h. Any e-mails, electronic messages, letters, memos, or other documents concerning this collision.

13. All Regulatory filings, correspondence, and records including but not limited to:

a. Defendants completed OP-1 Form all MSC-150's filed with the FMCSA or any state of federal governmental agency.

b. The collision register maintained by the motor carrier as required by federal law for the one (1) year period preceding this collision.

c. Any DOT or PSC reports, memos, notes, or correspondence concerning the driver or the trailer involved in this collision.

d. A complete copy of each safety audit, carrier profile, safety inspection, safety/enforcement analysis of any kind that any government agency (e.g., the Department of Transportation, Bureau of Motor Carrier Safety and/or any agency or department of the State of Georgia performed regarding Marten Transport, LTD in the past five (5) years, including any exit reports to you, in the five (5) years before the collision and any since the collision.

14. All Marten Transport, LTD Company's Operational or Safety Records including but not limited to:

a. Any drivers' manuals, guidelines, policy and procedure, manual, safety bulletin, handout, tips, rules, or regulations given to drivers such as the one involved in this collision.

b. A blank form of each and every operational document utilized, or supposed to be utilized, by you or your drivers in effect on the date of the collision.

c. Any and all statements, written or oral, transcribed or un-transcribed, provided by, or taken from, witnesses, your drivers, or any of your employees or agents, regarding the collision or the events leading up to or following the collision.

d. The factual portion of your internal investigation of this incident, including, but not limited to, determination of whether the accident was chargeable against the driver.

e. All documents related to any tests, inspections, investigations, or measurements taken with regard to the collision scene or vehicles done by you or on your behalf by a third party.

f. Accident files, records and reports of this incident sent by, or on your behalf of, you to the DOT and/or any other governmental or regulatory authority.

g. Any other items associated in any way with this collision, documents, database, or other piece of evidence concerning or reflecting upon the driver, this collision, including the trailer or cargo involved.
h. Any and all motor carrier audits of the driver and co-driver's logs, on-duty and driving time for the six (6) month period prior to the collision, and including the date of the collision.
i. Full and complete copies of any and all records required to be kept and maintained pursuant to 49 C.F.R. § 379.3 for the six (6) month period immediately preceding this collision.

15. All bills of lading/ Pick Up and Delivery Orders or records related thereto including but not limited to:
    a. Bills of lading for any shipments transported by Marten Transport, LTD , for the day of the collision.
    b. All dispatch records (written or electronic) indicating assignment of equipment for Marten Transport, LTD for the eight (8) days prior to, the date of the collision, and the five (5) days following the collision.

16. All Drug and Alcohol Testing Records including but not limited to:
    a. All documents related to any pre-employment drug test for Marten Transport, LTD including but not limited to the results of such drug tests.
    b. All documents related to any random drug test for Marten Transport, LTD including but not limited to the results of such drug tests.
    c. All documents related to any reasonable suspicion drug test for Marten Transport, LTD , including but not limited to the results of such drug tests
    d. All documents related to any post-collision drug test for Marten Transport, LTD including but not limited to the results of such drug tests
    e. Any written explanation prepared by Marten Transport, LTD explaining to the FMCSA about why its driver was not tested for drugs and alcohol following the collision.

17. All Photographs, diagrams, and videos of the trailer and driver, collision scene, documents, records, cab interior, Plaintiff, or any other party to this action including but not limited to:
    a. Photographs, video, computer generated media, or other recordings of the interior and exterior of vehicles involved in this collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence.
    b. Images of any documents or records of Marten Transport, LTD or .
    c. All diagrams, visual aids, and exhibits that may be used at the trial of this matter.

d. A digital copy of every photograph and other document (as that term is defined above) in your (or your attorney's) possession, custody and/or control that relates, refers, illustrates and/or discusses in any way the Plaintiff or Defendant Marten Transport, LTD .

18. All written contracts or record of any agreements of any kind between Marten Transport, LTD and Crystal D. Mourey.

19. The cell phone and any cell phone records regarding any cell phone devices available to Marten Transport, LTD and the time of the collision in question.

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
24-C-05433-S4
6/17/2024 9:36 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOSEPHINE JOHNSON;<br>NYOMI JOHNSON;<br>Plaintiffs,<br>v.<br><br>CRYSTAL MOUREY;<br>MARTEN TRANSPORT, LTD.;<br>ACE AMERICAN INSURANCE COMPANY;<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO. 24-C-05433-S4 |

**PLAINTIFFS' NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF CRYSTAL D. MOUREY BY REMOTE ELECTRONIC MEANS AND REQUEST FOR PRODUCTION**

TO: Crystal D. Mourey, Marten Transport LTD, and ACE American Insurance Co by and through their attorneys of records.

Please take notice that Plaintiffs will take the oral deposition of the deponent identified below on the date and at the time and place specified in accordance with the Georgia Civil Practice Act:

**Deponent:** **Crystal Dawn Mourey**

**Date:** **Thursday, December 12, 2024**

**Time:** **10:00 AM EST**

**Location:** **Via Zoom**

The deposition will be reported before an officer authorized by law to take such depositions and may be videotaped. The oath will be administered to Crystal D. Mourey by

the court reporter . The deponent is requested to email the documents requested in Exhibit "A" attached hereto and incorporated herein by reference to michael.johnson@witheritelaw.com prior to the deposition. The oral examination will continue day-to-day until completed. You are invited to be present at such time and cross-examine the witness.

Respectfully submitted,

**WLG ATLANTA, LLC**

***/s/ Michael Johnson***____________________

MICHAEL A. JOHNSON, ESQ.
GEORGIA STATE BAR NUMBER 679391
ROB LOAR, ESQ.
GEORGIA STATE BAR NUMBER 602484
ATTORNEYS FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-826-5746
FACSIMILE: 470-826-5746
E-MAIL: MICHAEL.JOHNSON@WITHERITELAW.COM

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served defendants with a copy of the **PLAINTIFFS' NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF CRYSTAL D. MOUREY BY REMOTE ELECTRONIC MEANS AND REQUEST FOR PRODUCTION**, along with Plaintiffs' Original Complaint.

**WLG ATLANTA, LLC**

***/s/ Michael Johnson***
MICHAEL A. JOHNSON, ESQ.
GEORGIA STATE BAR NUMBER 679391
ROB LOAR, ESQ.
GEORGIA STATE BAR NUMBER 602484
ATTORNEYS FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-826-5746
FACSIMILE: 470-826-5746
E-MAIL: MICHAEL.JOHNSON@WITHERITELAW.COM

**EXHIBIT A**

Documents to be produced:

1. Your driver's license.

2. The cell phone records from the day of the collision for any cell phone you had in the vehicle at the time of the collision.

3. Documents related to any citation you received for the collision in question.

4. Documents, notes, or information of witnesses who are believed to have witnessed the collision in question.

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-05433-S4**
**6/24/2024 3:26 PM**
TIANA P. GARNER, CLERK

# AFFIDAVIT OF SERVICE

| Case: 24-C-05433-S4 | Court: State Court of Gwinnett County, State of Georgia | County: Gwinnett | Job: 11268792 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Josephine Johnson; Nyomi Johnson | | **Defendant / Respondent:** Crystal Mourey; Marten Transport, LTD.; and Ace American Insurance Company | |
| **Received by:** CGA Solutions | | **For:** Witherite Law Group, LLC | |
| **To be served upon:** ; Marten Transport LTD c/o C T Corporation System, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Jane RIcahrdson, C T Corporation System: 289 S Culver St, Lawrenceville, GA 30046

**Manner of Service:** Registered Agent, Jun 20, 2024, 10:50 am EDT

**Documents:** Summons, Complaint for Damages, Plaintiff's First Interrogatories, First Request for Production of Documents and First Request for Admissions to Defendant Ms Crystal Dawn Mourey, Plaintiff's Notice of Intention to Take Oral and Videotaped Deposition of Crystal D. Mourey by Remote Electronic Means and Request for Production, Certificate of Service, Exhibit A, Plaintiff's First Interrogatories, First Request for Production of Documents and First Request for Admissions to Defendant Marten Transport LTD, Plaintiff's Notice of Intention to Take Oral and Videotaped Deposition of Corporate Representative for Marten Transport LTD by Remote Electronic Means and Request for Production, Certificate of Service, Exhibit A, Plaintiff's First Requests for Production of Documents and First Requests for Admission to Defendant (Received Jun 18, 2024 at 9:45am EDT)

**Additional Comments:**
1) Successful Attempt: Jun 20, 2024, 10:50 am EDT at C T Corporation System: 289 S Culver St, Lawrenceville, GA 30046 received by Jane RIcahrdson.
,Agent designated by CT Corporation to accept service

*Subscribed and sworn to before me by the affiant who is personally known to me.*

6-24-24

Thomas David Gibbs III     Date

AMMY MERAZ NOTARY PUBLIC DEKALB COUNTY, GEORGIA

Notary Public

6-24-24     12-27-24

Date     Commission Expires

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers 24-C-00402-3

Case Number:

**ORDER OF APPOINTMENT**

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2025.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this 18th day of January, 2024.

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA.
2024 JAN 18 PM 4:23
TIANA P. GARNER, CLERK

Carla Brown (Jan 18, 2024 14:27 EST)
Presiding Judge
Gwinnett County State Court

Applicant:

Name Thomas David Gibbs III

Address 1615 Corinth Court

Stone Mountain, GA 30087

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
24-C-05433-S4
6/24/2024 3:26 PM
TIANA P. GARNER, CLERK

# AFFIDAVIT OF SERVICE

| | | | |
|---|---|---|---|
| **Case:** 24-C-05433-S4 | **Court:** State Court of Gwinnett County, State of Georgia | **County:** Gwinnett | **Job:** 11268792 |
| **Plaintiff / Petitioner:** Josephine Johnson; Nyomi Johnson | | **Defendant / Respondent:** Crystal Mourey; Marten Transport, LTD.; and Ace American Insurance Company | |
| **Received by:** CGA Solutions | | **For:** Witherite Law Group, LLC | |
| **To be served upon:** Ace American Insurance Company c/o C T Corporation System, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Jane RIcahrdson, C T Corporation System: 289 S Culver St, Lawrenceville, GA 30046

**Manner of Service:** Registered Agent, Jun 20, 2024, 10:50 am EDT

**Documents:** Summons, Complaint for Damages, Plaintiff's First Interrogatories, First Request for Production of Documents and First Request for Admissions to Defendant Ms Crystal Dawn Mourey, Plaintiff's Notice of Intention to Take Oral and Videotaped Deposition of Crystal D. Mourey by Remote Electronic Means and Request for Production, Certificate of Service, Exhibit A, Plaintiff's First Interrogatories, First Request for Production of Documents and First Request for Admissions to Defendant Marten Transport LTD, Plaintiff's Notice of Intention to Take Oral and Videotaped Deposition of Corporate Representative for Marten Transport LTD by Remote Electronic Means and Request for Production, Certificate of Service, Exhibit A, Plaintiff's First Requests for Production of Documents and First Requests for Admission to Defendant (Received Jun 18, 2024 at 9:45am EDT)

**Additional Comments:**
1) Successful Attempt: Jun 20, 2024, 10:50 am EDT at C T Corporation System: 289 S Culver St, Lawrenceville, GA 30046 received by Jane RIcahrdson.
,Agent designated by CT Corporation to accept service

*Subscribed and sworn to before me by the affiant who is personally known to me.*

6-24-24

Thomas David Gibbs III    Date

Notary Public

6-24-24    12-27-24

Date    Commission Expires

AMMY MERAZ
NOTARY
PUBLIC
DEKALB COUNTY, GEORGIA

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers 24-C-00402-3

Case Number:

**ORDER OF APPOINTMENT**

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2025.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this 18th day of January, 2024.

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA.
2024 JAN 18 PM 4:23
TIANA P. GARNER, CLERK

Carla Brown (Jan 18, 2024 14:27 EST)

Presiding Judge
Gwinnett County State Court

Applicant:

Name Thomas David Gibbs III

Address 1615 Corinth Court
Stone Mountain, GA 30087